Ison H. DILLON, Plaintiff-Appellee,

v.

M. S. ORIENTAL INVENTOR et al., Defendants-Appellants,

v.

NEW ORLEANS STEVEDORING COMPANY, Intervenor-Appellant.

No. 28281.

United States Court of Appeals, Fifth Circuit.

May 18, 1970.

Stuart A. McClendon, McClendon & McClendon, Metairie, La., for defendants-appellants.

Clifton S. Carl, New Orleans, La., for plaintiff-appellee.

Before THORNBERRY, COLEMAN, and INGRAHAM, Circuit Judges.

COLEMAN, Circuit Judge.

As the result of a suit charging unseaworthiness, Ison H. Dillon was awarded judgment against the M. S. ORIENTAL INVENTOR, and its owner, for personal injuries allegedly sustained while working aboard the ship as a longshoreman. We affirm the judgment of the District Court.

Dillon and his fellow longshoreman, Donald Harrison Lewis, were the witnesses to the injury. Their credibility is heavily attacked on appeal. We cannot sustain the attack. Except as to testimony which is inherently incredible, the Courts of Appeal do not substitute their judgment for that of the trial court or jury in the exercise of credibility choices, United States v. Springfield, 5 Cir., 1960, 276 F.2d 798; Chaney v. City of Galveston, 5 Cir., 1966, 368 F.2d 774, 776. The findings of fact by trial court or jury verdict may not be set aside as clearly erroneous unless we are left with an abiding conviction that a mistake has been made, Rule 52 (a) Fed.R.Civ.P., Chaney v. City of Galveston, supra.

In the absence of clear error, the evidence must be viewed in the light most favorable to the party who prevailed below, Fireman's Insurance Company of Newark, New Jersey v. Robbins Coal Company, 5 Cir., 1961, 288 F.2d 349, cert. denied 368 U.S. 875, 82 S.Ct. 122, 7 L.Ed.2d 77.

Once the matter of clear error is eliminated the only remaining question is whether the finding or verdict is supported by substantial evidence, Boeing v. Shipman, 5 Cir., en banc, 1969, 411 F.2d 365.

On April 18, 1967, Dillon was the member of a gang employed in stowing bales of pulp paper in a lower 'tween deck of the ship. By 4:30 p. m., the men were working in a very restricted

space, stowing the bales so as to "block out" [fill in] the remaining area. The situation was such that only two men could work together, on their knees. They would "head up" one of the heavy bales of paper, after which they would roll it over the stow and into the empty space.

Dillon's lifting partner was Donald Harrison Lewis, who was 6 feet, 5 inches tall, and weighed 250 pounds. About 11 o'clock that morning Lewis had hurt his knee, had reported it to his foreman, had obtained authorization for medical assistance, but continued to work. By 4:30 p. m. the knee had swollen to about double its normal size. Lewis continued to work because he "wanted to make the day". It was about 4:30 that Dillon received his injuries. While Dillon and Lewis were trying to head a bale, Lewis' damaged knee "gave way". This caused him abruptly to shift his position, with the result that the whole load unexpectedly fell upon Dillon, from which he suffered a torn biceps tendon. It was for this injury, on the grounds of unseaworthiness, that Dillon recovered judgment.

■ The familiar maritime warranty of seaworthiness is that the ship and its appurtenances are reasonably fit for carrying the cargo. Unseaworthiness is a species of liability without fault and it extends to stevedores. Seas Shipping Company v. Sieracki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099. The doctrine is a growing concept, constantly undergoing redefinition as the risks of those protected are enlarged by changing technology and ship board technique.

In June T., Inc. v. King, 5 Cir., 1961, 290 F.2d 404, 407, the ship was being operated by a two man crew, whereas the evidence established that a three man crew was both customary and necessary. The Court said:

" * * * there was more for one man to do than was reasonably prudent. Of course, to be inadequately or improperly manned is a classic case of

an unseaworthy vessel. See Boudoin v. Lykes Bros. S.S. Co., Inc., 1955, 348 U.S. 336, 75 S.Ct. 382, 99 L.Ed. 354, 1955 A.M.C. 488."

To like effect, Waldron v. Moore-Mc-Cormack Lines, 1967, 386 U.S. 724, 87 S.Ct. 1410, 18 L.Ed.2d 482. The Court further held that the test of seaworthiness is to be applied "when and where the work is to be done".

Admiral Towing Company v. Woolen, 9 Cir., 1961, 290 F.2d 641, is another case which held that an adequate and competent crew is an essential ingredient of seaworthiness and that questions of adequacy and competency are questions of fact, the resolution of which is not to be disturbed on appeal except in compliance with the clearly erroneous rule.

■ Dillon and Lewis were handling, lifting, and heading extremely heavy bales of paper, weighing between 350 and 500 pounds each. They were working under extremely difficult conditions, in severely limited space. They had to work on their knees. An injured knee, swollen to twice its normal size, brought the reasonable adequacy of Lewis to perform the job at hand into serious question. Thus the finding of the trial judge that "the vessel was unseaworthy because of the defect in the knee of Lewis" is not clearly erroneous.

This Circuit, and others, have insisted that the occurrence giving rise to liability for unseaworthiness must be a *condition*, rather than an instantaneous injury occasioned by an act of negligence by a member of the crew. See Antoine v. Lake Charles Stevedores, 5 Cir., 1967, 376 F.2d 443; Robichaux v. Kerr McGee Oil Industries, Inc., 5 Cir., 1967, 376 F. 2d 447; Grigsby v. Coastal Marine Service of Texas, Inc., 5 Cir., 1969, 412 F.2d 1011; Reed v. MV Foylebank, 5 Cir., 1969, 415 F.2d 838.

The impairment to Lewis' knee was a condition which had existed for over five hours at the time of the injury. It indicated that Lewis lacked the reasonably necessary fitness for the task at

hand. Therefore, it was not clear error for the trial court to have found that Lewis' return to work after he injured his knee introduced an unseaworthy condition under the circumstances of this case.

The judgment of the District Court is Affirmed.