608 So.2d 659 (1992)
Leslie John BABINEAUX, Plaintiff-Appellee,
v.
LYKES BROTHERS STEAMSHIP COMPANY, INC., Defendant-Appellant.
No. 91-986.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1992.
Writ Denied January 15, 1993.
*660 Jones, Jones & Alexander, Jerry G. Jones, Cameron, for plaintiff-appellee.
Terriberry, Carroll & Yancey, Robert J. Barbier, R. Scott Buhrer, Stephen E. Mattesky, New Orleans, for defendant-appellant.
Before DOUCET and KNOLL, JJ., and MARCANTEL,[*] J. Pro Tem.
*661 BERNARD N. MARCANTEL, Judge Pro Tem.
This is a suit for damages under the Jones Act and general maritime law.
Defendant, Lykes Brothers Steamship Company, Inc., appeals the judgment of the trial court granting plaintiff, Leslie John Babineaux, $535,000.00 for injuries sustained while an employee aboard defendant's vessel, the SS BRINTON LYKES.
Defendant asserts twelve assignments of error, which present the following issues on appeal: (1) whether the trial court erred in finding that an accident occurred and that defendant was negligent and plaintiff was not; (2) whether the trial court erred in finding the SS BRINTON LYKES unseaworthy; (3) whether the damages awarded by the trial court were excessive; and (4) whether the trial court erred in awarding prejudgment legal interest on all items of damages except the award for future pain, suffering and disability.
Plaintiff had been employed by defendant for 17½ years when he was assigned the duties of a bosun aboard the SS BRINTON LYKES for a voyage along the west coast of South America. A bosun is like a supervisor who makes sure the first mate's orders are carried out and he also assists in other duties when he is needed. The voyage began in September 1987. Plaintiff alleges that, sometime in October 1987, he sustained injuries from an accident which occurred while he was aboard the vessel.
Plaintiff testified he was in the process of dumping trash over the side of the vessel with a "dirt sling," when a line attached to the sling snapped and caused another line, the "tag line," to fly across the deck. A dirt sling is a 12' x 12' piece of canvas upon which dunnage and trash are piled. The canvas is attached to lines which are used to lift the dirt sling over the side of the vessel. Once the sling is lifted over the side, the trash is then released. A tag line is used to guide the dirt sling and hold it steady while the trash is being dumped.
When the tag line flew across the deck, it struck plaintiff in the neck and back area, knocking him down, and causing his eyeglasses to fall off and break. No accident report was filed. Plaintiff stated he spoke to the chief mate, who is responsible for filling out accident reports, about the incident shortly after it happened. However, at the time, it seemed to be a minor incident and plaintiff was not experiencing any pain. The chief mate did not believe it was necessary to fill out a report.
Several days later, plaintiff began to experience pain in his neck, right shoulder and right arm. There was also numbness and itching in his right arm and hand. He reported the pain and itching to the chief mate, and several illness reports were filled out during the voyage, documenting the symptoms and the fact that they did not go away. Plaintiff was sent to a doctor in Panama who recommended that cervical x-rays be taken in New Orleans.
After leaving the vessel in New Orleans, plaintiff consulted several doctors. It was determined that he had two herniated discs in his cervical spine. Subsequently, Dr. Phillip Gildenberg, a neurosurgeon in Houston, Texas, performed surgery on plaintiff's spine. The surgery was deemed a partial success since plaintiff continues to experience pain for which no medical relief is apparently available.
Defendant contends that the accident never occurred and that plaintiff's injuries were caused by the natural degeneration of a preexisting condition of bone spurs on the spine.
A bench trial was held and the trial judge found that (1) an accident did in fact occur; (2) defendant was negligent under the Jones Act in failing to instruct its employees in a safe method of disposing of the vessel's trash; and (3) that the SS BRINTON LYKES was unseaworthy because the crew was improperly or inadequately trained and because there was defective equipment aboard the vessel.
In addressing defendant's assignments of error, we will begin by noting that assignments of error six, seven, nine and twelve were not briefed by defendant and are, therefore, considered abandoned. Uniform Rules-Courts of Appeal, Rule 2-12.4.
*662 In its first assignment of error, defendant contends that the findings of fact and conclusions of law by the trial court are clearly erroneous. This assignment of error is a general one and will be addressed by the following discussion of defendant's more specific assignments of error.

The Accident
In its second assignment of error, defendant contends that the trial court erred in finding that plaintiff met his burden of proof that an accident occurred.
Plaintiff testified that a line on the dirt sling broke and caused the tag line to fly across the deck and strike him in the back of the head. It knocked him down and his glasses fell off and broke. Plaintiff also testified that he reported the incident to the Chief Mate, Richard Moore, who was in charge of filling out accident and illness reports. Richard Moore testified at deposition that plaintiff told him he was struck in the face with a line, and that his glasses were broken. Moore stated the reason he did not complete an accident report at the time was probably because it did not seem to be very serious. Moore further testified that plaintiff was one of the best boatswains he had ever worked with, and he considered the plaintiff to be a truthful person.
Further supporting plaintiff's testimony about the accident is the deposition testimony of two witnesses to the accident, Steve Seltzer and Sylvester Wingerter. Both men were questioned about the accident approximately three years after it occurred. Seltzer testified that he recalled an incident where a tag line broke and he recalled that plaintiff's glasses were broken, although he was unsure whether it was the tag line which caused the glasses to break. Wingerter testified that he remembered an incident where he picked up plaintiff's glasses and his safety helmet, which were on the deck.
In a Jones Act case, the plaintiff's burden of proving causation is "featherweight." Alverez v. J. Ray McDermott & Co., Inc., 674 F.2d 1037 (5th Cir.1982); Davis v. Hill Engineering, Inc., 549 F.2d 314 (5th Cir.1977). This less demanding standard of proof requires less evidence to support a finding. Alverez, supra. Plaintiff has offered credible evidence, as discussed herein, that he was struck by the tag line and that it caused him to sustain injuries. The trial court found that plaintiff met his very light burden of proof and that an accident did occur. In suits brought under the Jones Act and general maritime law, findings of fact by the trial judge will not be disturbed unless they are clearly erroneous. McAllister v. U.S., 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20 (1954); McFarland v. Justiss Oil Co., Inc., 526 So.2d 1206 (La.App. 3 Cir.1988). We find no clear error in the trial court's determinations that plaintiff met his burden of proof and that an accident occurred. Therefore, we affirm these findings.

Negligence
Defendant asserts in assignment of error number three that the trial court erred in failing to find plaintiff negligent.
Plaintiff held the position of bosun and his duties included overseeing other crew members and assisting them with the operation of the dirt sling. A seaman's duty is to do his work as he is instructed. Adams v. United States, 393 F.2d 903 (9th Cir.1968); Ballwanz v. Isthmian Lines, Inc., 319 F.2d 457 (4th Cir.1963). His duty to protect himself is slight. McFarland, supra. The trial court found that plaintiff operated the dirt sling as he had been instructed and was, therefore, not negligent. A review of the record shows that this finding was not clearly erroneous.
Defendant next contends, in assignment of error number four, that the trial court erred in finding it negligent. In deciding the issue of defendant's negligence, the trial court stated as follows:
"A Jones Act employer, such as defendant, Lykes, will be deemed negligent if it fails to exercise reasonable care to maintain a reasonably safe work environment. Ceja v. Mike Hooks, Inc., 690 F.2d 1191 (5th Cir.1982). Negligence under the Jones Act is to be liberally construed, so as to accomplish the remedial *663 purposes of the Act. Evidence of even the slightest negligence on the part of the employer is sufficient to sustain a finding of Jones Act liability. In addition, the plaintiff seaman's duty to prove causation in a Jones Act case is very light. Plaintiff need only establish that negligence on the part of the defendant played some part, no matter how small, in actually bringing about or causing the injury he sustained. Kratzer v. Capitol Marine Supply, Inc., 490 F.Supp. 222, 228 (M.D.La.1980).
The Jones Act employer has a duty to supervise or instruct seamen as to safe methods by which they can carry out orders given to them. Smith v. Flowers Transportation, Inc., 377 F.2d [F.Supp.] 1112 (N.D.Miss.1974). Not only do employers have a duty to provide a safe method of work, but also the duty to provide adequate and proper equipment to do the work. Keen v. Overseas Tankship Corp., 194 F.2d 515 [2nd Cir.1952], 1952 AMC 241, cert. den. 343 U.D. [U.S.] 966, 76 [72] S.Ct. 1061 [96 L.Ed. 1363] (1952); Gilmore & Black, The Law of Admiralty, 2d Ed., Section 6-44, pp. 398 et sub., Dillon v. M.S. Oriental Inventor, 426 F.2d 977 [5th Cir.1970]; Aquirre [Aguirre] v. Citizens Casualty Co. of N.Y., 411 [441] F.2d 141 [5th Cir.1971]; Boudoin v. Lykes Bros., 348 U.S. 336, [75 S.Ct. 382, 99 L.Ed. 354 (1955) ] 1966 AMC 488; Adams v. U.S.A., 393 F.2d 903 [9th Cir.1968]; Norris, The Law of Seamen, Sections 616, 690, 692; Norris, The Law of Maritime Personal Injuries, Section 308; Waldron v. Moore-McCormack, 386 U.S. 724, 87 S.Ct. 1410 [18 L.Ed.2d 482 (1967)]; 1961 AMC 579."
The record in this case contains sufficient evidence to support the trial court's conclusion that defendant breached its duty to properly instruct its employees on a safe method of trash disposal, and that this breach was the proximate cause of plaintiff's injuries. As a result, we cannot find that the trial court was clearly erroneous in concluding that defendant was negligent.
The Determination of Unseaworthiness
Defendant's assignment of error number five asserts that the trial court erred in finding the SS BRINTON LYKES unseaworthy. Under general maritime law, a shipowner has an absolute duty to provide a vessel that is seaworthy. Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960). This warranty does not mean the vessel is guaranteed to weather all storms. It does mean the vessel is reasonably fit to carry the cargo, and it applies to both the ship's gear and its personnel. Boudoin v. Lykes Brothers Steamship Co., 348 U.S. 336, 75 S.Ct. 382, 99 L.Ed. 354 (1955).
The trial court held that the SS BRINTON LYKES was unseaworthy because the crew was improperly and inadequately trained, and, because there was defective equipment aboard the vessel. Under the facts of the case presented and the law as discussed above, we cannot say the trial court was clearly erroneous in declaring the vessel unseaworthy.

Damages
In assignments of error numbers eight and ten, defendant contends that the damages awarded plaintiff are excessive; that the trial court erred in finding plaintiff could have worked until age 65 in the same capacity and/or at the same rate of pay; and, that the trial court erred in granting plaintiff an award for future lost wages and/or for loss of meals, pension or other benefits.
Plaintiff was 52 years old at the time of the accident. He expressed a desire to work until age 65, and the trial court took this into consideration in determining the amount of lost future wages. The trial court did not make a determination that plaintiff could have worked until age 65 in the same capacity and at the same rate of pay and the damages award does not reflect such a determination. As to this point, defendant's assignment of error lacks merit.
There was evidence presented at trial that, as a result of his injuries, plaintiff would be unable to return to any kind of *664 gainful employment. Plaintiff has a sixth grade education. He is unable to perform manual labor or to engage in any activities involving prolonged sitting. In light of these considerations, we find no abuse of discretion in the trial court's award of $360,000.00 for past and future economic loss, and $175,000.00 for past and future pain and suffering.

Prejudgment Interest
In assignment of error number eleven, defendant contends that the trial court erred in awarding plaintiff prejudgment interest on damages. Louisiana jurisprudence has clearly held that, where a claim is brought under the Jones Act and under general maritime law, an award of prejudgment interest lies within the discretion of the trial judge. Danos v. McDermott, Inc., 563 So.2d 968 (La.App. 1 Cir. 1990), writ not considered, 566 So.2d 386 (La.1990); Osorio v. Waterman S.S. Corp., 557 So.2d 999 (La.App. 4 Cir.1990), writ denied, 561 So.2d 99 (La.1990); Mihalopoulos v. Westwind Africa Line, Ltd., 511 So.2d 771 (La.App. 5 Cir.1987).
Since plaintiff's claim in this case was brought under the Jones Act and under general maritime law, the trial court had the discretion to award prejudgment interest.
Defendant next contends that, in the event the trial court can award prejudgment interest, the trial court erred in awarding prejudgment interest with respect to future damages. This court held in McFarland, supra, that prejudgment interest can be awarded on all damages except future non-economic damages. The only future non-economic damages awarded in the case at hand were those for future pain and suffering, and no prejudgment interest was awarded on this amount. Therefore, the trial court did not abuse its discretion in awarding prejudgment interest on all items of damages except for future pain, suffering and disability.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendant-appellant, Lykes Brothers Steamship Company, Inc.
AFFIRMED.
NOTES
[*] Honorable Bernard N. Marcantel participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.