| iCARTER, Judge,
dissenting.
I respectfully disagree with the majority opinion and would affirm the trial court judgment as to liability. Particularly, for the reasons that follow, I cannot agree with the majority’s reversal of the trial court’s findings that the vessel was unseaworthy and that Sonat was negligent.
STANDARD OF REVIEW ■
The law is clear that Louisiana courts of appeal should apply the state manifest error standard of review in general maritime and Jones Act cases. Milstead v. Diamond M Offshore, Inc., 95-2446, p. 11 (La.7/2/96); 676 So.2d 89, 96. Claims based on negligence and unseaworthiness are separate and distinct, but the fact finder’s conclusions as to each are treated similarly on review. Such findings of fact may not be disturbed unless clearly erroneous. Caravalho v. Dual Drilling Services, Inc., 93-560, p. 4 (La.App. 3rd Cir. 2/2/94); 631 So.2d 725, 728, writ denied, 94-0878 (La. 5/13/94); 637 So.2d 1074; Spangler v. North Star Drilling Company, 552 So.2d 673, 676 (La.App. 2nd Cir.1989).
LIABILITY
In the instant case, Vendetta argued that Sonat was liable based on two separate theories of recovery, namely unseaworthiness and Jones Act negligence. In his reasons for judgment, the trial court determined that the DISCOVERER 534 was unseaworthy in that it had an improperly trained and supervised crew. Moreover, the trial court determined that Sonat was negligent in its “failure to provide a safe work place by not ensuring that proper safety methods were being enforced by the supervisors on board” and in failing to “make sure the crew members were properly supervised.”
|2A. UNSEAWORTHINESS
It is a well established principle of admiralty law that a vessel owner warrants that his vessel is seaworthy. A seaworthy vessel is one that is reasonably fit for its intended use. This duty to provide a seaworthy vessel requires that its gear, appurtenances and operation must be reasonably safe. Reed v. Seacoast Products, Inc., 458 So.2d 971, 974 (La.App. 3rd Cir.1984), (citing Drachenherg v. Canal Barge Co., Inc., 571 F.2d 912 (5th Cir.1978)). This duty is a non-delegable liability without fault and is independent of the Jones Act duty to exercise reasonable care. See Brister v. A.W.I., Inc., 946 F.2d 350, 355 (5th Cir.1991). Among the conditions which render a vessel unseaworthy, imposing liability on a vessel owner for injuries, are defective gear, appurtenances in disrepair, and an unfit or insufficient crew. Caravalho v. Dual Drilling Services, Inc., 631 So.2d at 728; Spangler v. North Star Drilling Company, 552 So.2d at 677.
The duty of the vessel owner to provide a seaworthy vessel is absolute in the sense that actual or constructive knowledge by the own *249 er of the unseaworthy condition is not necessary to support liability. Likewise, no showing of due diligence or lack of negligence by the vessel owner can defeat a claim based on unseaworthiness. Huff v. Compass Navigation, Inc., 522 So.2d 641, 644 (La.App. 4th Cir.), writ denied, 526 So.2d 797 (La.1988). This is because unseaworthiness is a condition of the vessel, and how that condition arises has been deemed irrelevant to the owner’s liability for allowing such a condition to exist. Huff v. Compass Navigation, Inc., 522 So.2d at 644. See Usner v. Lukenbach Overseas Corp., 400 U.S. 494, 498, 91 S.Ct. 514, 517, 27 L.Ed.2d 562 (1971). In order for a plaintiff to recover on an unseaworthiness claim he must not only prove that the vessel was unseaworthy, he must also show that the unseaworthy condition was the proximate (that is the direct and substantial) cause of his injury. Caravalho v. Dual Drilling Services, Inc., 631 So.2d at 728; Spangler v. North Star Drilling Company, 552 So.2d at 677; Huff v. Compass Navigation, Inc., 522 So.2d at 644. See Alverez v. J. Ray McDermott & Co., 674 F.2d 1037, 1043 (5th Cir.1982).
|3In the instant case, in extensive and comprehensive written reasons for judgment, the trial judge painstakingly summarized all of the testimony and documentary evidence and determined that the DISCOVERER 534 was unseaworthy and that its condition played a substantial part in bringing about Vendetto’s injury, stating:
This court finds that Sonat’s failure to ensure that the supervisors on board the rig were following and enforcing the proper safety methods, was a condition that made the vessel unseaworthy. If a crew is not properly trained in learning how to do their jobs safely, then there is no doubt that it is a “defective or inadequate crew.” When a vessel’s personnel does not know how to perform their jobs in a safe manner, then it cannot be said that the vessel is reasonably fit for its intended use.
Under the facts presented in the instant ease and the law discussed above, I cannot say that the trial court’s finding that the vessel was unseaworthy is manifestly erroneous.
B. JONES ACT NEGLIGENCE
In contrast to a'claim for unseaworthiness, in a claim for negligence under the Jones Act, it is the conduct of the defendant which is at issue, not the defective condition itself. The duty owed by an employer encompasses the duty to exercise reasonable care in the maintenance of a safe work environment. Ober v. Penrod Drilling Company, 726 F.2d 1035, 1037 (5th Cir.1984); Caravalho v. Dual Drilling Services, Inc., 631 So.2d at 729; Spangler v. North Star Drilling Company, 552 So.2d at 678. Under the Jones Act, an employer also has a duty to supervise or instruct seamen as to safe methods by which they carry out orders given to them. Babineaux v. Lykes Brothers Steamship Company, Inc., 608 So.2d 659, 663 (La.App. 3rd Cir.1992), writ denied, 610 So.2d 819 (La.1993).
I agrée with the majority’s conclusion that, in light of Gautreaux v. Scurlock Marine, Inc., 95-30250, 95-30272 (5th Cir. 2/28/97); 107 F.3d 331, the trial court applied the wrong standard of care to the facts, both to the duty of the seaman and the duty of the employer, and thus committed legal error.[1] Consequently, it is now necessary .to apply the proper standard of care to the facts as found by the trial court, as long as these factual findings are not manifestly erroneous.
Lin the instant case, the trial judge, in his written reasons for judgment, addressed his findings relative to the negligence of Sonat as follows:
The defendant was negligent in his duty to provide a reasonably safe workplace to those who worked for him. This negligence stems from his duty to ensure that all workers were instructed in and that they were actually using the proper procedures when lifting and lowering tools. So-nat is liable because the supervisors on board the DISCOVERER 534 were not *250 making sure that proper safety methods were being used on the rig. It is clear that Vendetto was not properly trained in the safe method of lowering and lifting tools.
[[Image here]]
Furthermore, the Court finds that Sonat was negligent, not only in its failure to provide a safe work place by not ensuring that proper safety methods were being enforced by the supervisors on board, but it was also negligent in its failure to make sure the crew members were properly supervised.
After carefully reviewing the entire record, I conclude that in applying the Gautreaux standard of care to Sonat, it is clear that Sonat breached its duty to exercise ordinary care when it failed to properly instruct and train its employees on the safe method of lifting and lowering chain falls and that this breach was a proximate cause of Vendetto’s injuries.
COMPARATIVE NEGLIGENCE OF VENDETTO
Sonat contends that the trial court erred in failing to assign Vendetto any comparative negligence. Sonat argues that the trial court’s determination that the practice utilized in lifting and lowering tools was unsafe is inconsistent with the failure to attribute any fault to Vendetto. Sonat reasons that, if the method was unsafe and Vendetto knew the method well, then Vendetto bears some responsibility for knowing that the method was unsafe.
At the time of the accident, Vendetto was working as a mechanic, assisting with the performance of a routine maintenance procedure. A seaman’s duty is to act with ordinary prudence under the circumstances. Gautreaux v. Scurlock Marine, Inc., 107 F.3d at 339.
After hearing all of the evidence, the trial court refused to apportion any fault to Ven-detto. The trial court apparently determined that Vendetto performed his work with ordinary prudence as he had been instructed, but that Sonat had failed to train or instruct Vendetto as to a safe method to lift and lower chain falls. Applying the Gautreaux standard of care, i.e., “the reasonable seaman in like circumstances,” Vendetto was not negligent. A preview of the record shows that this finding of ordinary prudence on the part of Vendetto is not erroneous.
CONCLUSION
Based on an examination of the record, I conclude that the trial court properly found the vessel to be unseaworthy and Sonat to be negligent. Further, the trial court was legally correct in failing to assign any comparative negligence to Vendetto. I submit that the majority opinion errs in reversing the trial court’s judgment. Therefore, for the above and foregoing reasons, I respectfully dissent.

. In fairness to the trial court, it is noted that Spinks v. Chevron, 507 F.2d 216 (5th Cir.1975) was overruled by Gautreaux, 107 F.3d at 331, after the trial court's decision had been handed down.