GOTHARD, Judge.
This appeal is from judgment in favor of the defendants in a tort suit.
The plaintiff, Reginald Cason, was a passenger in an automobile driven by Gregory Fredericks, when it was hit by a Jefferson Parish Sheriff’s office vehicle operated by deputy Gary Warren. The collision occurred on Fourth Street in Harvey, at about 2:00 a.m. on May 10, 1987.
Although the testimony of the two drivers and of the other witnesses is contradictory, it is apparent that Fredericks was driving in a westerly direction on the two-lane road, which at that time had only a narrow shoulder. He had crossed the Harvey Canal bridge and had stopped momentarily, over to the right but not off the road. Warren was also proceeding westerly on routine patrol, but when he reached the eastern approach to the bridge he received and began responding to a radio call for police assistance. Shortly after he had crossed the bridge he attempted to pass the Fredericks vehicle when suddenly Freder-icks began turning left into his path. The sheriff’s office car struck the Fredericks car in the left rear bumper area. The car then spun counterclockwise and its passenger side collided with the guard rail for a *209 railroad signal on the opposite side of the roadway.
The testimony is in conflict on whether Fredericks had turned on his turn signal, whether Warren had activated his red lights and siren, and whether Warren’s speed was excessive. Raymond Millet, the investigating officer, testified by deposition from his report that the skid marks of the sheriffs vehicle measured 97.9 feet on the right front and 100 feet on the left front. The roadway was wet. He determined the point of impact at three feet over the center line in the east bound lane.
At his deposition Fredericks testified that the sheriffs vehicle’s overhead lights were on but he did not see the vehicle until after the impact. Officer Millet testified that Fredericks, Warren, Warren’s passenger, and two witnesses all told him the lights and siren were on; however, at trial Fredericks, Cason, and the one independent witness who testified said that neither the lights nor siren were operating. Warren testified that his speed was no more than 45 miles per hour, while Fredericks was of the opinion that he was traveling at a very high rate of speed. Fredericks and Cason said Fredericks’ turn signal was on, while Warren contended that it was not.
In Rosell v. ESCO, 549 So.2d 840 (La.1989), the Supreme Court discussed at length the manifest error rule and made it clear that the court of appeal may not reverse a finding of fact if the trial court or jury finding is reasonable in the light of the record reviewed in its entirety. Regarding conflicting testimony, the court said, at 844:
... Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong ... [Citations omitted.]
The record here supports a finding that Fredericks was inattentive and failed to see the oncoming vehicle, the headlights of which were on and which he should have seen, regardless of whether the flashing lights and siren were or were not in operation.
For the reasons assigned above, the judgment appealed from is affirmed.
AFFIRMED.