| iYELVERTON, Judge.
Defendant, Joann Gines, an attorney, appeals a judgment against her in a legal malpractice suit brought by Johnny Lee Maxie, her former client. We affirm.
Gines had represented Maxie in a worker’s compensation claim. Marie’s present malpractice suit alleged that Gines failed to properly represent him by allowing the claim to prescribe, barring him from recovering worker’s ^compensation benefits. The mal *346 practice suit claimed damages in an amount to be determined by the court.
Soon after the suit was filed in January 1991, Gines filed exceptions of lack of jurisdiction over the person, improper venue, and no cause of action. Also, on March 19,1991, she filed a request for notice of trial, judgments, and interlocutory decrees. The exceptions were fixed for hearing. The minutes reflect that Gines was served with notice of this hearing. Gines was not present at the hearing. The minutes reflect that at the hearing the trial judge denied the exceptions of lack of jurisdiction over the person and no cause of action. The exception of improper venue was taken under advisement. By written ruling signed on September 10,1991, the exception of improper venue was denied. Gines was given written notice of the denial of this exception.
The plaintiff’s counsel, Scott Westerchil, then requested entry of a preliminary default. A preliminary default was taken twice, once on December 2,1991, and again on May 8,1993.
On June 18,1993, the trial court confirmed the default judgment as to liability but took the issue of damages under advisement. The record on appeal does not contain a transcript of the confirmation of default. The minutes reflect that Maxie was present with his attorney, Westerchil. The minutes further show that three witnesses, including the plaintiff, testified. A doctor’s deposition, all medical and hospital bills, and the suit record were introduced. At the conclusion of the confirmation, the trial judge found malpractice. The judge took the amount of damages under advisement. As explained in reasons for judgment dated October 11, 1993, the trial judge determined that the plaintiffs injuries rendered him permanently |3and totally disabled, and that Maxie lost his worker’s compensation case on account of Gines’ malpractice. The court rendered judgment in favor of Maxie against Gines for an amount equal to what he would have been awarded for total and permanent disability under the Worker’s Compensation Law, and all costs. Notice of the reasons for judgment was mailed to Gines on October 12, 1993. A formal judgment was signed by Judge Elizabeth A. Pickett on February 28, 1994. Notice of this judgment was mailed to Gines on December 12,1994.
In the meantime, on June 29, 1994, after the judgment had been signed, but before it was mailed to Gines, John W. Pickett took Westerehil’s place as attorney for Maxie and filed for a judgment debtor rule. On December 9, 1994, in response to the judgment debtor rule, Gines’ counsel filed exceptions of prematurity and no cause of action. Therein, it was asserted that Gines was never notified of the trial or judgment and that the record did not contain a final judgment. In response to these exceptions, plaintiff apparently saw to it that notice of the February 28, 1994 judgment was mailed to Gines because it was mailed on December 12,1994, as noted above. On December 16, 1994, Gines filed a motion for recusal of both the plaintiffs new attorney and the judge, on the basis that the plaintiffs new attorney, John W. Pickett, was the brother of Judge Elizabeth Pickett who rendered and signed the final judgment. Gines also filed a motion for a new trial, claiming that to allow the default judgment to stand would be a case of manifest abuse in that she had not received notice pursuant to her request for notice of trial and judgment.
A hearing on these motions and exceptions was held on February 13,1995. The matters were then submitted for rulings. The judge of the district to whom the exceptions were assigned found them to be without merit. He also denied the |4motion for recusal and motion for a new trial. It is from these rulings that defendant appealed.
On appeal Gines argues that the trial court erred in its denial of (1) her motion for new trial, (2) the exception of prematurity, (3) the motion to remove the plaintiffs attorney, and (4) in finding that an appeal lies from written rulings and notice of such rulings.
DENIAL OF MOTION FOR A NEW TRIAL
Gines claims that she did not receive notice of all hearings, orders, judgments, and interlocutory decrees after she had filed a request for such notice pursuant to La.Code Civ.P. *347 art. 1572. She takes the position that this denial confers the right to a new trial.
She points out, and we agree, that when a default judgment is not rendered on the scheduled confirmation date, and the case is taken under advisement with judgment to be rendered at some later uncertain date, such a defendant is entitled to notice of judgment. La.Code Civ.P. art. 1913; Holloway v. Gulf Motors, Inc., 566 So.2d 1068 (La.App. 2 Cir.1990), appeal after remand, 588 So.2d 1322 (La.App. 2 Cir.1991). Gines claims that despite her request for notice of trial and judgment filed on March 19, 1991, she was not notified of the judgment confirming the default. This is not correct. As pointed out earlier, the record shows that the case was taken under advisement on June 18, 1993, the date the default was confirmed; judgment was rendered on October 11,1993; a formal decree was signed on February 28, 1994; and notice of the judgment was mailed to Gines and her attorney on December 12, 1994. IsGines filed a timely motion for a new trial on December 16, 1994. We find that Gines was served with all notices to which she was entitled.
The other argument she makes, that her motion for a new trial was improperly denied, is based on the discretionary grounds under La.Code Civ.P. art. 1973. Where a motion for new trial is based on discretionary grounds, it is a long-established rule that unless an abuse of discretion can be demonstrated, the appellate court will not reverse the trial court’s action. Simas v. Hicks, 381 So.2d 949 (La.App. 3 Cir.1980). Gines has not demonstrated an abuse of discretion. The trial judge in reasons for judgment denying the motion for a new trial determined that:
[Defendant's only actions have been in delay, not defense. After her initial response to citation, the defendant took no affirmative actions in defense of this case, even in spite of receiving Notice of denial of her [initial] exceptions and the Court’s written ruling on the Confirmation of Default. Although she claims the judgment was obtained through fraud or ill practices, no evidence has been offered in support thereof.
The record supports this ruling. Suit was filed in January 1991, and Gines’ responsive exceptions were set for hearing on April 15, 1991. She was notified of the hearing date and failed to appear. She never filed an answer. It was not until November 1994, when she was served with a judgment debtor rule, that Gines responded. Over three years had passed since she filed her initial overruled exceptions. During that time defendant took no actions to defend her rights.
On this appeal Gines makes only technical arguments of improper procedure; she makes not even one meritorious suggestion that she might have prevailed on the merits. She would have had the burden of overcoming Maxie’s prima fade case. Jenkins v. St. Paul Fire & Marine Ins. Co., 422 So.2d 1109 (La.1982). Her explanation of what happened is professionally unacceptable. She [¿says that Maxie never had a case to start with, and that she filed a claim and then filed suit for him only because Maxie and his mother insisted on it. In the record, in a brief signed and filed by Gines in proper person in support of her exception of no cause of action filed shortly after this suit was filed, Gines wrote:
In the instant case, the plaintiff was employed by Fran Oil, Inc., and suit was filed against his employer and worker’s compensation insurer, American General Fire and Casualty Company against the advice of counsel, but plaintiff insisted that the suit should be filed. Plaintiff was classified as a driller/odd jobs person and worked from 11:00 p.m. until 7:00 a.m. Monday through Friday at Fran’s Oil’s jobsite in Pleasant Hill some 30 miles from his residence in Fisher, Louisiana. Plaintiff traveled to work in a privately owned automobile. He was paid a salary of approximately $60.00 per day or $300.00 per week. According to plaintiff, as an incentive for him to undertake employment with the company he was paid an additional $10.00 per day for travel allowance or $50.00 per week. While returning home from work on the morning of March 4, 1988, plaintiff was involved in an automobile accident, where he sustained serious *348 injuries after he lost control of his privately owned vehicle.
Under these circumstances defendant determined and advised plaintiff that it was her opinion that he would not recover worker’s compensation benefits; however, plaintiff’s mother continued to call and persist that the plaintiff should receive benefits and a suit should be filed.
According to Marie’s petition alleging malpractice, Gines filed a claim for Marie; the Office of Worker’s Compensation recommended the payment of benefits; the office issued a certificate that one of the parties had rejected the recommendation; Gines waited approximately six months beyond the allowed sixty days (allegedly the law in 1988) to file a petition in the district court; her petition, when filed, was met by a plea of prescription, whereupon she dismissed the suit with prejudice at plaintiffs costs. Gines has never denied any of the essential allegations of the petition regarding liability. Her appeal to us is based on the proposition that |7Marie suffered no damages as a result of her conduct because he never had a good worker’s compensation claim to start with, and that she filed a claim and a suit only to placate him and his mother. We hold that the trial judge did not err by denying defendant’s motion for a new trial.
PREMATURITY
The second issue on appeal is whether the trial court erred in its denial of Gines’ exception of prematurity. She filed this exception in response to the plaintiffs motion for judgment debtor rule. Her counsel contends that the motion was premature since she had not received notice of judgment. The trial judge found the exception of prematurity to be without merit. He probably meant it was moot, and it was.
The record shows that judgment was signed on February 28, 1994, but Gines did not get notice of it until December 12, 1994. The motion for judgment debtor rule was filed on June 29,1994, and signed on November 2, 1994, with Gines being ordered to appear on December 5,1994.
A motion for a protective order would have been the appropriate pleading to oppose the judgment debtor rule. However, the issue became moot when the judgment debtor examination was never conducted and Gines was thereafter served with notice of judgment.
RECUSAL
The next issue for our review is whether the trial judge erred in denying Gines’ motion to remove the plaintiffs attorney. She contends that representation |8by Marie’s new attorney, John W. Pickett, who is the brother of Judge Elizabeth A. Pickett who rendered the judgment on confirmation of default, gives the appearance of impartiality and presents a conflict of interest. She argues that for this reason Mr. Pickett should be removed as plaintiffs counsel.
The record reveals that Scott Westerchil, counsel presumably unrelated to the trial judge, represented the plaintiff at all stages of the proceeding before the attempted execution of the final judgment. It was only after judgment had been rendered that John Pickett began representation of the plaintiff. Although John Pickett’s name does not appear on the formal judgment, Judge Burgess found that Pickett prepared it, and his sister signed it. The formal judgment does not depart in any way from the judgment that was rendered when Westerchil was still Max-ie’s attorney. Mr. Pickett later instituted a judgment debtor rule which another judge signed and ordered for hearing. While the preparation and signing of the formal judgment was unseemly, on the parts of both the judge and the attorney, this did not prejudice the defendant in any way. A recusal, after the fact, would serve no purpose. Matter of Anderson, 496 So.2d 568 (La.App. 1 Cir.1986). The denial of the recusal motion was not error.
RIGHT TO APPEAL
Finally, defendant claims that the trial judge erred in finding that an appeal lies from written rulings and notice of such rulings. We are frankly unable to determine what exactly is meant by this assignment of error. The defendant had a right to an appeal. She was accorded that right. We *349 have considered her appeal. By lathis assignment the defendant has asked for no specific relief, and we can'find none to which she is entitled.
We are unable to find any reversible error or abuse of discretion on the part of the trial court. The judgment is affirmed at appellant’s cost.
AFFIRMED.