# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-1303

MOTHER OF EDEN, LLC

VERSUS

CHRIS THOMAS

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2010-7774
HONORABLE JULES DAVIS EDWARDS, DISTRICT JUDGE

**********

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Billy Howard Ezell, Judges.

**AFFIRMED IN PART, REVERSED
IN PART, AND RENDERED.**

R. Michael Moity, Jr.
The Moity Law Firm
340 Weeks Street
New Iberia, LA 70560
Telephone: (337) 365-5529
COUNSEL FOR:
    Plaintiff/Appellant - Mother of Eden, LLC

Chaz H. Roberts
112 Oil Center Drive - Suite 113
Lafayette, LA 70503
Telephone: (337) 504-3203
COUNSEL FOR:
    Defendant/Appellee - Chris Thomas

**THIBODEAUX, Chief Judge.**

Plaintiff, Mother of Eden, LLC ("Eden"), attempted to obtain a preliminary injunction against Defendant, Chris Thomas, after Thomas allegedly made defamatory statements about Eden's CEO to the company's customers and retailers. When Eden's attorney failed to appear at the injunction hearing, the trial court sustained Thomas' Exception of No Cause of Action ("Exception"), dismissed the Petition for Injunction ("Petition"), and awarded sanctions and attorney fees to Thomas. Eden then filed a Motion for New Trial, asserting that the parties reached a settlement prior to the hearing. Following a hearing, the trial court denied Eden's Motion and awarded additional attorney fees to Thomas. Eden appeals. For the following reasons, we affirm in part and reverse in part.

I.

**ISSUE**

We must decide whether the trial court erred by:

(1) sustaining Thomas' Exception and dismissing Eden's Petition;

(2) denying Eden's motion for new trial; and,

(3) assessing sanctions and attorney fees against Eden.

II.

**FACTS AND PROCEDURAL HISTORY**

Eden is a company that makes organic baby diapers. Tereson Dupuy founded the company and is its majority member/manager. In August 2010, Dupuy learned that Thomas had allegedly made disparaging comments about her and her company on an internet blog. On behalf of Eden, Dupuy subsequently initiated the underlying action by filing a Petition, seeking to prohibit Thomas from "contacting any and all retailers of Mother of Eden as well as posting any other malicious

information that is unfounded and untrue on any website." In its Petition, Eden asserted that Thomas published "slanderous and liablous [sic]" comments regarding Dupuy.

Thomas responded to Eden's Petition by filing an Answer and Exception, asserting that Eden was not entitled to an injunction because (1) Eden failed to plead irreparable injury and (2) all alleged comments were true. The trial court scheduled a hearing on the Petition and Exception.

Prior to the scheduled hearing, attorneys for both parties attempted to reach a settlement. Despite numerous communications between them, the parties never signed a settlement agreement. The trial court held a hearing on the Petition and Exception on May 16, 2011. Eden's counsel failed to appear at the hearing.[1] At the hearing, the trial court sustained Thomas' Exception and denied Eden's Petition. The trial court imposed sanctions and awarded attorney fees pursuant to La.Code Civ.P. art. 863, reasoning that Eden filed the Petition to harass Thomas, that exhibits to the Petition facially contradicted the allegation of defamation, and that the Petition contained inappropriate accusations regarding Thomas that could constitute defamation.

On May 25, 2011, Eden filed a Motion for New Trial, asserting that the parties settled the matter prior to the May 16 hearing. The trial court held a hearing on Eden's Motion and denied the Motion in open court. Specifically, the trial court ruled that no consummated settlement agreement existed between the parties, and thus, no justification existed for Mr. Moity's absence at the May 16 hearing. The trial court awarded attorney fees incurred to defend against the Motion, stating that Mr. Moity "acknowledged [and] admitted . . . unprofessional conduct."

---

[1] Eden's counsel, Michael Moity, asserts that his failure to appear was the result of his misunderstanding that the parties had reached an amicable settlement. A careful review of the record indicates that no settlement agreement was ever signed by the parties, and Mr. Moity was remiss in not attending the hearing. His shameless attempts to cast blame on Thomas' counsel is unconvincing.

2

Eden now appeals the trial court's denial of its Petition, denial of its Motion for New Trial, and award of sanctions and attorney fees to Thomas in conjunction with both the Petition and the Motion.

III.

## LAW AND DISCUSSION

### Standard of Review

"A trial court's determination as to whether to issue a preliminary injunction is subject to the abuse of discretion standard of review." *Gautreau v. Trahan*, 07-875, p. 4 (La.App. 3 Cir. 12/5/07), 971 So.2d 445, 447. Similarly, a trial court's ruling on a Motion for New Trial is reviewed under an abuse of discretion standard. *Guillory v. Lee*, 09-75 (La. 6/26/09), 16 So.3d 1104. An award of sanctions under La.Code Civ.P. art. 863, however, is reviewed for manifest error. *Richardson v. Whitney Nat. Bank*, 06-803 (La.App. 5 Cir. 2/27/07), 953 So.2d 836, *writ denied*, 07-670 (La. 5/18/07), 957 So.2d 153.

### Discussion

#### *Preliminary Injunction and Exception of No Cause of Action*

Eden asserts that the trial court erred by denying Eden's Petition and granting Thomas' Exception. Specifically, Eden argues that it presented a *prima facie* case for an injunction. We disagree and find that the trial court did not abuse its discretion in denying Eden's Petition and granting Thomas' Exception.

A trial court has great discretion to grant or deny a request for a preliminary injunction. *Burnham Broadcasting Co. v. Williams*, 629 So.2d 1335 (La.App. 4 Cir. 1993), *writ denied*, 94-150 (La. 2/25/94), 632 So.2d 770, *cert. denied*, 513 U.S. 814, 115 S.Ct. 69 (1994). To be entitled to relief, the moving party must show that if she is not granted injunctive relief, she will suffer irreparable injury, and she must make a *prima facie* showing that she will prevail on the merits. *Camp,*

*Dresser & McKee, Inc. v. Steimle & Associates, Inc.*, 94-547 (La.App. 5 Cir. 2/15/95), 652 So.2d 44. "[W]hile the trial court has broad discretion in deciding whether to grant injunctive relief, injunction is an extraordinary remedy and should only issue where the party seeking it is threatened with irreparable loss without adequate remedy at law. . . ." *Gautreau*, 971 So.2d at 450. "Irreparable injury, for purposes of the preliminary injunction, means that the applicant cannot be adequately compensated in money damages for the injury or that he will suffer injuries which cannot be measured by pecuniary standards." *Camp, Desser & McKee*, 652 So.2d at 47. A movant is not required to show irreparable injury where the offensive act is unlawful. *Id.*

On appeal, Eden alleges that the comments Thomas allegedly made on internet blogs are a violation of a separate injunction entered against Thomas. Thus, Eden argues that it need not prove irreparable injury since Thomas' actions are *per se* unlawful. Eden's arguments make repeated reference to this previous injunction that was never introduced into evidence. Appellate courts are courts of record and may not review evidence that is not in the appellate record, and they may not receive new evidence. La.Code Civ.P. art. 2164; *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143 (La. 5/21/08), 983 So.2d 84. Documents quoted in memoranda do not constitute evidence and cannot be considered as such on appeal. *Id.* Although Eden apparently deems it important, the previous injunction is not a matter of record, and we do not consider it on appeal.

Instead, we turn to the trial court's judgment denying Eden's Petition and granting Thomas' Exception and evaluate its judgment for abuse of discretion. A review of Eden's Petition reveals that it fails to make a fundamental showing of irreparable injury. Indeed, the Petition makes no mention of damages—actual or speculative—suffered by Eden because of Thomas' alleged actions. Because Eden failed to plead or prove any irreparable injury, we find that the trial court did not abuse its discretion in denying Eden's Petition and granting Thomas' Exception.

4

*Motion for New Trial*

Eden argues that the trial court abused its discretion in denying its Motion for New Trail. Though its argument is short and vaguely cites supporting authority, Eden appears to argue that failure to grant a new trial results in a miscarriage of justice. La.Code Civ.P. art. 1973 provides that the trial court may grant a new trial if there exists good grounds therefor.

Courts adopt "the well-established principle that a new trial should be granted in cases where the enforcement of the judgment would be inequitable and unconscionable." *Hairston v. Monroe Gas Corp.*, 308 So.2d 809, 811 (La.App. 2 Cir. 1975); *Crump v. Bank One Corp.*, 35,990 (La.App. 2 Cir. 5/8/02), 817 So.2d 1187. Thus, if a trial court is convinced that the judgment, even if free from legal error, does not do substantial justice, it may properly grant a new trial. *Gilley v. Wendy's, Inc.*, 31,353 (La.App. 2 Cir. 12/9/98), 723 So.2d 517; *Dawson v. Mazda Motors of America, Inc.*, 475 So.2d 372 (La.App. 1 Cir. 1985).

Courts have specifically considered circumstances where a party asserts that the conduct of an attorney has created a miscarriage of justice warranting a new trial. Lapse of legal rights due to a party's delay, in particular, has not been held to warrant a new trial. In *Crump,* FGB's failure to file an answer resulted in a default judgment against FGB. The court declined to grant a new trial, noting that FGB lacked a good excuse or reason for its failure to file an answer and held that the "mere failure to file an answer, without more, is not adequate grounds to grant a new trial." *Crump*, 817 So.2d at 1193. Similarly, in circumstances where a defendant failed to file an answer to a default judgment and asserted only human error as his defense, the court declined to find an abuse of discretion in the trial court's denial of the motion for new trial, commenting that "[m]ere human error was not enough to convince the trial court that a miscarriage of justice would result if a new trial was not granted."

*Hickman v. Wm. Wrigley, Jr. Co., Inc.*, 33,896, p. 4 (La.App. 2 Cir. 10/4/00), 768 So.2d 812, 816.

Eden makes much of its attorney's failure to appear at the injunction hearing, asserting that its attorney was under the misguided assumption that the parties had reached a settlement. The record reflects, however, that the parties never executed a settlement agreement. No meeting of the minds occurred with respect to the settlement communications. Common sense dictates that Eden's counsel should have simply appeared at the hearing. Louisiana jurisprudence does not consider error in an attorney's performance of his duty as grounds for granting a new trial. Thus, Eden cannot argue that negligence on the part of its attorney resulted in a miscarriage of justice warranting a new trial. *See Maxie v. Gines*, 95-986 (La.App. 3 Cir. 1/31/96), 670 So.2d 344, *writ denied*, 96-560 (La. 5/10/96), 672 So.2d 921. We find that the trial court did not abuse its discretion in denying Eden's Motion for New Trial.

### Award of Sanctions and Attorney Fees

Finally, we turn to Eden's assignment of error that the trial court erroneously awarded sanctions and attorney fees to Thomas. We agree that the trial court erroneously awarded sanctions and attorney fees to Thomas.

The trial court's judgment, dated May 16, 2011, indicates that the trial court awarded sanctions and attorney fees in accordance with La.Code Civ.P. art. 863. Article 863, sections (D) and (E) state:

> D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.

6

E.  A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.

This article and relevant jurisprudence make clear that sanctions can only be imposed on motion, either by a party or by the court, and after a hearing. La.Code Civ.P. art. 863; *Petroleum Helicopters, Inc. v. Gen. Motors Corp.*, 561 So.2d 203 (La.App. 3 Cir. 1990).  Here, we may assume that the trial court properly brought its own motion for sanctions and attorney fees, but we cannot excuse the absence of a hearing before sanctions and attorney fees were awarded.  The record indicates that Eden's counsel had no opportunity to respond to the proposed award of sanctions and attorney fees. Thus, we find the trial court erred by awarding sanctions and attorney fees without first holding a hearing.

The trial court also awarded attorney fees in its judgment dated August 29, 2011, following a hearing on Eden's Motion for New Trial.[2]  It is difficult to discern from the record the basis upon which attorney fees were levied.  If they were levied in connection with Article 863, they were improper because, again, the trial court failed to hold a hearing before imposing the attorney fees.  If they were not levied under Article 863, they remain improper because a party shall recover attorney fees only when authorized by statute or stipulated by contract.  *Haskell v. Hawkins*, 580 So.2d 453 (La.App. 5 Cir. 1991).  Here, the parties have no contract, and no applicable statute authorizes the award of attorney fees.  The trial court erred in awarding attorney fees in its August 29, 2011 judgment.

Given our finding that the trial court erroneously imposed sanctions and attorney fees to Thomas, we reverse that portion of the trial court's judgment.

---

[2]Both parties assert that the trial court awarded attorney fees *and* sanctions in the August 29, 2011 judgment.  We see nothing in the record indicating an award of sanctions.  If sanctions were awarded, however, they would also be improper because no hearing was held in accordance with La.Code Civ.P. art. 863(E).

IV.

## <u>CONCLUSION</u>

For the reasons articulated above, we affirm in part, reverse in part, and render the judgment of the trial court. Costs of this appeal are assessed against Appellant, Mother of Eden.

**AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.**