# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 11-1495


**OUPAC, INC. D/B/A OUPAC FINANCIAL SERVICES**

**VERSUS**

**INDIA RENEE SAM, ET UX.**


********

APPEAL FROM THE
OPELOUSAS CITY COURT
PARISH OF ST. LANDRY, NO. 31,955
HONORABLE VANESSA HARRIS, CITY COURT JUDGE

********

**BILLY HOWARD EZELL**
**JUDGE**

********

Court composed of John D. Saunders, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.


**AFFIRMED.**


**Michael D. Bass**
**Guglielmo, Lopez, Tuttle, Hunter & Jarrel, LLP**
**P. O. Drawer 1329**
**Opelousas, LA 70571-1329**
**(337) 948-8201**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Oupac, Inc., D/B/A Oupac Financial Services**

**Ladonte A. Murphy**
**1728 Oak Leaf Blvd.**
**Opelousas, LA 70570**
**(337) 942-7070**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **India Renee Sam**
    **Elton Sam, Jr.**

**EZELL, Judge.**

In this matter, India and Elton Sam appeal the decision of the trial court finding them liable to Oupac Financial Services in the amount of $8,208.29 plus interest. For the following reasons, we hereby affirm the decision of the trial court.

On August 21, 2006, the Sams purchased a vehicle from Creswell Automotive, executing a purchase agreement for the car. The purchase was financed by Oupac and secured by a promissory note on the vehicle. Oupac paid Creswell $14,309.54, and the Sams received their vehicle. Oupac was not affiliated, owned by, or even at the same location as Creswell. In fact, the Sams left the Creswell lot to go to Oupac to secure financing. Sometime after 2006, the Sams' vehicle began to have mechanical problems. After several attempts to repair the vehicle, the Sams decided it was not worth the expense and surrendered the vehicle to Oupac after failing to make payments for multiple months. Oupac sold the vehicle and instigated the current litigation to recover the remaining amount owed on the vehicle. After trial on the merits, the trial court ruled that, despite the obvious flaws with the vehicle, the Sams could not introduce parol evidence as to the consideration for the promissory note and found that they owed Oupac $8,208.29 plus interest for the debt remaining on the vehicle. From this decision, the Sams appeal.

The Sams assert three assignments of error on appeal. They claim that the trial court erred in finding that there was no failure of consideration as to the promissory note; that the trial court erred in failing to consider parol evidence as to what the Sams believed was the consideration or cause as to the promissory note; and that the trial court erred in failing to order the promissory note unenforceable. Because the first and third are so similar and related, we will address them together.

The Sams first claim that the trial court erred in failing to declare the promissory note was unenforceable for a lack of consideration. For this

proposition, they cite *Courtesy Financial Services, Inc. v. Hughes*, 424 So.2d 1172 (La.App. 1 Cir. 1982), for the proposition that failure of consideration is a defense to Oupac's action as they claim Oupac does not have the rights of a holder in due course. We disagree.

*Courtesy* is clearly distinguishable from the case in hand in that the seller of the vehicle and the loan officer writing the promissory note were the same person, meaning that there was no way for the promissory note holder to not know of any defects in the vehicle. Here, the vehicle seller, Creswell, and the financer, Oupac, were completely separate entities with no ties at all. Oupac in no way was connected to the purchase agreement signed between the Sams and Creswell and in no way guaranteed or warranted the vehicle the Sams purchased. Simply put, the Sams entered into two separate and distinct bilateral contracts, each with independent obligations, causes, and considerations, only one of which is contested here.

In a suit on a promissory note by a payee against the maker, the plaintiff will be given the presumption that the instrument was given for value received unless the maker casts doubt upon the consideration. *Brashears v. Williams,* 294 So.2d 246 (La.App. 1 Cir. 1974). In this matter, consideration was given the Sams in the form of $14,309.54 paid to Creswell. The working vehicle the Sams sought was the consideration for the purchase agreement signed with Creswell, and any action they have would be against them, and would not serve as a defense against Oupac's claims, who neither knew nor could have known of any defenses the Sams may have had to the note at the time of the making of the instrument. Thus, as holder in due course of the promissory note, Oupac took the note free from any defenses against any party with whom it had not dealt. *See* La.R.S. 10:3–305. There is no error to the trial court's rulings that the promissory note was issued for consideration and that it was enforceable.

2

As their next assignment of error, the Sams assert that the trial court erred in failing to consider parol evidence as to the consideration behind the promissory note. Louisiana Civil Code Article 1848 does not allow testimonial or other evidence not admitted to disprove the contents of an authentic act. That article states:

> Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement.

Further, "[w]here the words of a contract are clear, explicit, and lead to no absurd consequences, the meaning and intent of the parties must be sought within the four corners of the document and cannot be explained or contradicted by parol evidence." *Sandbom v. BASF Wyandotte Corp.,* 618 So.2d 1019, 1021-22 (La.App. 1 Cir.), *writ denied,* 625 So.2d 1042 (La.1993).

Based on the facts of this case as noted above, we find that the trial court did not err in disregarding the Sams' parol evidence, as none of the exceptions listed in Article 1848 apply. There was no vice of consent, simulation, or a subsequent valid oral modification of the agreement. Again, the consideration given for the promissory note was the cash paid to Creswell, not the vehicle itself. The trial court made no error in restricting the promissory note to its four corners, as the terms of the document are clear.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are assessed against the Sams.

**AFFIRMED.**