STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-57


DEBRA BERGERON DUHON

VERSUS

PETRO "E," LLC, ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 88120
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Billy H. Ezell, and Shannon J. Gremillion, Judges.


REVERSED AND REMANDED.


Francis J. Barry, Jr.
Robert E. Kerrigan, Jr.
Deutsch Kerrigan, L.L.P.
755 Magazine Street
New Orleans, LA 70130
(504) 581-5141
COUNSEL FOR DEFENDANT/APPELLEE:
    Estis Well Service, LLC

**William W. Goodell, Jr.**
**Goodell Law Firm**
**P. O. Box 52663**
**Lafayette, LA 70505-2663**
**(337) 412-2724**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Debra Bergeron Duhon**

**Charles R. Minyard**
**Attorney at Law**
**P. O. Box 3642**
**Lafayette, LA 70502**
**(337) 266-2300**
**COUNSEL FOR DEFENDANT/ APPELLEE:**
    **Apache Corporation**

**Stephen B. Murray**
**Murray Law Firm**
**650 Poydras Street, Suite 2150**
**New Orleans, LA 70130**
**(504) 525-8100**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Debra Bergeron Duhon**

**Barry J. Sallinger**
**Barry Sallinger, APLC**
**P. O. Box 2433**
**Lafayette, LA 70502-2433**
**(337) 235-5791**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Debra Bergeron Duhon**

**Morgan J. Wells, Jr.**
**Lee M. Peacocke**
**Stephen M. Larzelere**
**Evan J. Gododsky**
**Larzelere Picou Wells Simpson Lonero, LLC**
**3850 N. Causeway Boulevard**
**Suite 1100 – Two Lakeway Center**
**Metairie, LA 70002**
**(504) 834-6500**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Enerquest Oil & Gas, LLC**

**Michael G. Stag**
**Smith Stag, LLC**
**365 Canal Street, Suite 2850**
**New Orleans, LA 70130**
**(504) 593-9600**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
> **Debra Bergeron Duhon**

**Elizabeth A. Roche'**
**Burns Charest, LLP**
**365 Canal Street, Suite 1170**
**New Orleans, LA 70130**
**(504) 799-2845**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
> **Debra Bergeron Duhon**

**F. Barry Marionneaux**
**F. Barry Marionneaux, APLC**
**23615 Railroad Avenue**
**Plaquemine, LA 70764**
**(225)687-6884**
**COUSEL FOR DEFENDANT/APPELLANT:**
> **Dow Chemical Company**

**David M. Bienvenu, Jr.**
**Bienvenu, Bonnecaze, Foco, Viator & Holinga, APLLC**
**4210 Bluebonnet Boulevard**
**Baton Rouge, LA 70809**
**(225) 388-5600**
**COUNSEL FOR DEFENDANT/APPELLANT:**
> **Dow Chemical Company**

**SAUNDERS, Judge.**

Cross-Plaintiff appeals the trial court's grant of Defendant's motion for summary judgment.

## FACTS AND PROCEDURAL HISTORY:

Plaintiff's, Debra Bergeron Duhon's ("Duhon"), property was a small part of the "Blanchard Leases" farmed out to Cross-Plaintiff, EnerQuest Oil & Gas, LLC ("EnerQuest"), for various oil and gas exploration and production operations. Subsequently, EnerQuest leased the property to Defendant, Petro "E," LLC ("Petro E"). Petro "E," owned by brothers, Jamell and Johnny Estis, was engaged in the business of purchasing and developing mineral leases and existing oil wells. Pursuant to its farm-out agreement with EnerQuest, Petro "E" hired Estis Well Service, LLC ("Estis"), an oilfield service company, to perform plug and abandonment work on Plaintiff's property. Estis is owned by Mattie Estis, Jamell and Johnny's mother. Estis was not a signatory to any mineral lease or assignment relating to EnerQuest's agreement with Petro "E."

In September 2007, while Estis was subcontracting for Petro "E," a saltwater spill event occurred that allegedly damaged Plaintiff's property. As a result, Plaintiff sued several companies, including EnerQuest, Petro "E," and Estis. Plaintiff maintained that Petro "E" is an "alter ego" of Estis or was engaged in a single business enterprise ("SBE"), such that Estis should be held liable for the obligations of Petro "E."

Estis filed a motion for summary judgment on Plaintiff's SBE claim. On May 2, 2016, the trial court heard oral argument on Estis's motion, which concerned Plaintiff's claim only, and granted the motion, finding that Estis and Petro "E" are separate corporations. Plaintiff did not appeal that judgment.

EnerQuest filed a cross-claim against Petro "E," which it later amended to assert the identical SBE claim against Estis that had been previously asserted by Plaintiff. Again, Estis moved for summary judgment, citing the same reasons which supported its motion for summary judgment granted by the trial court on Plaintiff's SBE claim.

On December 12, 2016, Estis's motion on EnerQuest's SBE claim was heard by the trial court. On January 3, 2017, judgment dismissing all of EnerQuest's claims against Estis was entered. Due to an infirmity within the judgment, an amended judgment was entered by the trial court on October 19, 2017. The instant appeal was subsequently taken by EnerQuest.

**DISCUSSON ON THE MERITS:**

In its single assignment of error, EnerQuest alleges that the trial court erred as a matter of law by granting Estis's motion for summary judgment, as Estis (1) failed to meet its initial summary judgment burden; (2) the clear and convincing evidentiary standard is not applicable to EnerQuest's SBE claim; and (3) EnerQuest presented sufficient evidence to establish the existence of an SBE for purposes of satisfying its summary judgment burden. We agree.

Appellate courts review motions for summary judgment de novo, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880. The reviewing court, therefore, is tasked with determining whether "the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

"A fact is 'material' when its existence or nonexistence may be essential to [the] plaintiff's cause of action." *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751. "A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate." *Smitko v. Gulf S. Shrimp, Inc.*, 11-2566, p. 8 (La. 7/2/12), 94 So.3d 750, 755 (superseded by statute on other grounds).

When considering a motion for summary judgment, the court cannot "consider the merits, make credibility determinations, evaluate testimony[,] or weigh evidence." *Prop. Ins. Ass'n of La. v. Theriot*, 09-1152, p. 3 (La. 3/16/10), 31 So.3d 1012, 1014 (quoting *Suire v. Lafayette City–Parish Consol. Gov't*, 04-1459, (La. 4/12/05), 907 So.2d 37). Moreover, although "summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor." *Willis v. Medders*, 00-2507, p. 2 (La. 12/8/00), 775 So.2d 1049, 1050.

Louisiana Code of Civil Procedure Article 966(D)(1) and (2) further provides:

(1) The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

(2) The Court may consider only those documents filed in support of or in opposition to the motion for summary judgment and

3

> shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum.

In *Green v. Champion Ins. Co*., 577 So.2d 249, 257-258 (La.App. 1 Cir.), the first circuit noted:

> When determining whether a corporation is an alter ego, agent, tool or instrumentality of another corporation, the court is required to look to the substance of the corporate structure rather than its form. The following factors have been used to support an argument that a group of entities constitute a "single business enterprise":
>
> 1.    corporations with identity or substantial identity of ownership, that is, ownership of sufficient stock to give actual working control;
>
> 2.    common directors or officers;
>
> 3.    unified administrative control of corporations whose business functions are similar or supplementary;
>
> 4.    directors and officers of one corporation [fail to] act independently in the interest of that corporation;
>
> 5.    corporation financing another corporation;
>
> 6.    inadequate capitalization ("thin incorporation");
>
> 7.    corporation causing the incorporation of another affiliated corporation;
>
> 8.    corporation paying the salaries and other expenses or losses of another corporation;
>
> 9.    receiving no business other than that given to it by its affiliated corporations;
>
> 10.   corporation using the property of another corporation as its own;
>
> 11.   noncompliance with corporate formalities;
>
> 12.   common employees;
>
> 13.   services rendered by the employees of one corporation on behalf of another corporation;
>
> 14.   common offices;

15. centralized accounting;

16. undocumented transfers of funds between corporations;

17. unclear allocation of profits and losses between corporations; and

18. excessive fragmentation of a single enterprise into separate corporations.

In *Dishon v. Ponthie*, 05-659 (La.App. 3 Cir. 12/30/05), 918 So.2d 1132, this Honorable Court noted that the failure of the corporation to collect amounts owed by an affiliated corporation supported a finding in favor of the existence of an SBE.

After comparing the evidence with the factors set out in *Green*, we find that EnerQuest demonstrated that it had sufficient evidence to meet its burden of proof at trial regarding the numerous factors to be considered in determining whether the SBE theory was applicable to the facts of this case. Specifically, the evidence submitted by EnerQuest in support of its SBE claim fully supports a finding that Petro "E" and Estis operated as a single business enterprise with respect to Petro "E"'s operations, as follows: (1) Petro "E" and Estis had common ownership, which was relevant to the operations conducted by Petro "E" and Estis, as it permitted the transfer of funds between the companies without any documentation, interest charges or efforts made to collect unpaid loans; (2) the loans between Petro "E" and Estis clearly did not result from any arms-length transactions; (3) Petro "E" used Estis's office space to store its files, but did not pay rent for the use of this space; (4) Petro "E," who did not have a separate phone number and fax, used Estis's phone number and fax; (5) All of the work performed by Estis for Petro "E" was pursuant to a one-page Master Service Agreement, which was different from all other contracts that it used to perform its services; (6) Estis actively participated

5

in Petro "E"'s acquisition of a lease, by evaluating the property to determine if it could profit from the removal of the scrap metal during the decommissioning of the property; and (7) Estis has never made any effort to collect any unpaid amounts due from Petro "E." Moreover, here, as in *Thibodeaux v. Ferrallgas, Inc.*, 98-862, p. 13 (La.App. 3 Cir. 1/6/99), 741 So.2d 34, 43, this existing evidence renders the court's discussion of Estis's summary judgment burden to be entirely unnecessary to the disposition of this case. As such, we find that the trial court erred in granting Estis's motion for summary judgment.

Accordingly, this court reverses the grant of motion for summary judgment, and remands to the trial court to allow adequate time for completion of discovery.

**CONCLUSION:**

For these reasons, the judgment of the trial court granting Estis Well Service, LLC's motion for summary judgment is reversed. This matter is remanded to the trial court to allow time for discovery to be completed.

Costs of these proceedings are assessed to Estis Well Service, LLC.

**REVERSED AND REMANDED.**