NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-204 consolidated with 19-205

GBB PROPERTIES TWO, LLC, ET AL.

VERSUS

THE INDUSTRIAL DEVELOPMENT BOARD

OF THE PARISH OF LAFAYETTE, LA INC.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20185659
HONORABLE RONALD COX, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Phyllis M. Keaty, and Jonathan W. Perry, Judges.

AFFIRMED.

**Brent B. Barriere**
**D. Slylar Rosenbloom**
**Kristen D. Amond**
**Michael R. Dodson**
**Fishman Haygood, L.L.P.**
**201 St. Charles Avenue, Suite 4600**
**New Orleans, LA 70170**
**(504) 586-5252**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Ambassador Infrastructure, L.L.C.**

**Rickey W. Miniex**
**Clyde R. Simien**
**Simien & Miniex, APLC**
**104 Rue Iberville**
**Lafayette, LA 70508**
**(337) 269-0222**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Ambassador Infrastructure, L.L.C.**

**Patrick S. McGoey**
**Andrea V. Timpa**
**Jacob K. Weixler**
**Schonekas, Evans, McGoey & McEachin, LLC**
**909 Poydras Street, Suite 1600**
**New Orleans, LA 70112**
**(504) 680-6050**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **GBB Properties Two, LLC**
     **DBR Properties, LLC**

**Frank X. Neuner, Jr,**
**Brandon W. Letulier**
**NeunarPate**
**1001 W. Pinhook Road, Suite 200**
**Lafayette, La 70503**
**(337) 237-7000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **The Industrial Development Board of the**
     **Parish of Lafayette, Louisiana, Inc.**

**SAUNDERS, Judge.**

This case involves a petition for a mandatory preliminary injunction by a party to a lease requesting that the lessor cooperate fully with the lessee's challenge or appeal of the 2018 assessment of the leased property. The trial court found that the specific section the lessee's contended compelled the lessor to act did not apply to any assessed ad valorem taxes. Lessee appeals. We affirm.

## FACTS AND PROCEDURAL HISTORY

In 2014, GBB Properties Two, LLC and DBR Properties, LLC (collectively "Plaintiffs") sold the subject property located in Lafayette Parish near Ambassador Caffery in order for it to eventually be developed into Ambassador Town Center retail complex. The property was sold to Ambassador Town Center JV, LLC. Thereafter, Plaintiffs, Ambassador Town Center JV, LLC, and the Industrial Development Board of the Parish of Lafayette, Louisiana, Inc. (the board) entered into a cooperative endeavor agreement and Payment in Lieu of Taxes Program to pay for the construction of public infrastructure on the property. The agreements entered into included a lease of the property back to Plaintiffs from the board. The sale and lease back transaction allows Plaintiffs to use the revenue they would otherwise pay in property taxes were they to remain owners of the property instead to reimburse a share of the cost of infrastructure improvements necessary to develop the agricultural property into commercial property. The amount that Plaintiffs are contractually obligated to reimburse for their share in the cost of infrastructure improvements is tied partially to the annual ad valorem tax assessment for the property for a period of twelve years.

For the tax year of 2018, the Lafayette Parish Tax Assessor assessed the property as commercial rather than agricultural, significantly raising the amount Plaintiffs were to reimburse as their share of infrastructure improvement costs.

Plaintiffs requested the board to execute form 2703, an Application for Use Value Assessment, to turn in to the Assessor. Plaintiffs made this request under Section 5.03 of the lease agreement between them and the board. Form 2703 requires the board to attest that the land was for agricultural use. The board refused to execute form 2703 based on its position that the sole purpose for the sale and lease back arrangement between it and Plaintiffs was to develop the property for commercial use.

On September 11, 2018, Plaintiffs filed a petition for declaratory relief, breach of contract, and mandatory injunctive relief against the board demanding that the board execute form 2703 per the board's agreement to cooperate fully under Section 5.03 of the lease with Plaintiffs' contest of the Assessors' assessment. On September 17, 2018, Ambassador Infrastructure, LLC filed a petition for intervention in Plaintiffs' suit, which was granted (the Industrial Development Board of the Parish of Lafayette, Louisiana, Inc. and Ambassador Infrastructure, LLC hereinafter collectively referred to as "IDB").

On September 24, 2018, a hearing was held regarding Plaintiffs' request for preliminary injunction. The trial court denied this request. Plaintiffs appealed. Thereafter, on November 19, 2018, a hearing was held regarding IDB's partial motion for summary judgment wherein the trial court granted IDB's request to dismiss Plaintiffs' remaining claims for relief because the trial court found, after a full evidentiary hearing, that IDB is not obligated to execute form 2703. Plaintiffs appealed the trial court granting of this motion. Plaintiffs' two appeals were consolidated and are noW before us. In it, Plaintiffs assert three assignments of error.

## ASSIGNMENTS OF ERROR

1. The trial court erred in denying Plaintiffs' Petition for Preliminary Injunction.

2.     The trial court abused its discretion in refusing to either deny, or defer ruling on, IDB's and Infrastructure's Motion for Partial Summary Judgment until adequate discovery had been conducted.

3.     The trial court erred in granting IDB's and Infrastructure's Motion for Summary Judgment.

## ASSIGNMENT OF ERROR NUMBER ONE

Plaintiffs assert in their first assignment of error that the trial court erred in denying their petition for preliminary injunction. We disagree.

Louisiana Code of Civil Procedure Article 3601(A) authorizes the issuance of an injunction "in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law."  "A preliminary injunction is interlocutory in nature and designed to preserve the status quo until a determination can be made on the merits of the controversy." *Picard v. Choplin*, 306 So.2d 918, 919 (La.1975).  Mandatory preliminary injunctions compel someone to do an act and seek to protect the status quo when that status quo is of action, not rest.  In fact, the rested condition is what inflicts the irreparable injury upon the complainant. *Cason v. Chesapeake Operating, Inc.*, 47,084 (La.App.2 Cir. 4/11/12), 92 So.3d 436, *writ denied*, 12-1290 (La. 9/28/12), 98 So.3d 840.

> A trial court has great discretion to grant or deny a request for a preliminary injunction. To be entitled to relief, the moving party must show that if she is not granted injunctive relief, she will suffer irreparable injury, and she must make a *prima facie* showing that she will prevail on the merits.  While the trial court has broad discretion in deciding whether to grant injunctive relief, injunction is an extraordinary remedy and should only issue where the party seeking it is threatened with irreparable loss without adequate remedy at law. Irreparable injury, for purposes of the preliminary injunction, means that the applicant cannot be adequately compensated in money damages for the injury or that he will suffer injuries which cannot be measured by pecuniary standards.  A movant is not required to show irreparable injury where the offensive act is unlawful.

*Mother of Eden, LLC v. Thomas*, 11-1303, pp. 3-4 (La.App. 3 Cir. 3/7/12), 86 So.3d 760, 764 (citations omitted).

3

The issuance of a preliminary injunction will not be disturbed on appeal absent a clear abuse of discretion. But where the trial court's decision is based on an erroneous interpretation or application of law, rather than a valid exercise of discretion, such an incorrect decision is not entitled to deference by the reviewing court.

*Herff Jones, Inc. v. Girouard*, 07-393, p. 7 (La.App. 3 Cir. 10/3/07), 966 So.2d 1127, 1133 (citation omitted), *writs denied*, 07-2463, 07-2464 (La. 2/15/08), 976 So.2d 185. The underlying issue in this case involves a matter of law as to whether the language in the four corners of the contract is clear and unambiguous and, therefore, subject to a de novo review. *See Sims v. Mulhearn Funeral Home, Inc.*, 07-54 (La. 5/22/07), 956 So.2d 583.

Here, Plaintiffs contend that they made a *prima facie* showing that they will prevail on the merits. In order to do so, Plaintiffs must show that IDB is compelled to submit form 2703 to the Assessor under Section 5.03 of the lease between Plaintiffs and IDB. Likewise, in order to avoid having to show irreparable injury for obtaining the sought preliminary injunction, Plaintiffs need to show that IDB's failure to fully cooperate with its contest of the assessment constituted an offensive act that is unlawful under Section 5.03 of the lease between Plaintiffs and IDB. Thus, we begin our deliberation with a determination of whether the language at issue is clear and unambiguous in compelling IDB to act.

Article V, Section 5.03 of the lease between Plaintiffs and IDB, in pertinent part, states:

> [T]he Lessee agrees to pay, as the same, respectively, become due, all taxes (other than ad valorem property taxes) and governmental charges of any kind whatsoever that may at any time be lawfully assessed or levied against or with respect to the Project. . . .
>
> The Lessee may, at its expense and in its own name and behalf or in the name and behalf of the Lessor, in good faith contest any such taxes, assessments and other charges. . . . The Lessor will cooperate fully with the Lessee in any such contest.

4

Plaintiffs argue that the language above allows them to contest any assessment of the property in IDB's name and requires IDB to cooperate fully in any such contest. IDB counters, first, that the language in the first paragraph above excludes any contest relating to ad valorem property taxes. Plaintiffs respond that the presence of the word "assessments" in the second paragraph, coupled with its absence in the first paragraph, adds the assessment made to what Plaintiffs can contest with full cooperation of IDB because to find otherwise would render its inclusion meaningless.

Next, IDB argues that Plaintiffs do not have to actually pay ad valorem taxes. This dictates that Section 5.03 does not apply in this situation since ad valorem taxes are not "taxes, assessments and other charges." Thus, according to IDB, there is nothing that has "become due."

We find the language in Section 5.03 to be clear. Ad valorem taxes are specifically excluded by the parenthetical in the first paragraph. Therefore, IDB has no obligation to "cooperate fully" with Plaintiffs under Section 5.03 regarding a contest of ad valorem property taxes. Further, regardless of whether the inclusion of the word "assessments" in the second paragraph somehow includes ad valorem property taxes in what Plaintiffs can contest with full cooperation of IDB, no ad valorem property taxes have become due because IDB, the owner of the property, is exempt from ad valorem property taxes. Further, regardless of the "assessments" inclusion in the second paragraph of Section 5.03, IDB is under no duty to submit paperwork to a governmental entity of which it has a good faith belief would be false. We find that to require IDB to submit such paperwork goes beyond full cooperation. Finally, the purpose of Section 5.03 is to reduce risk to IDB, not increase its risk by having to submit documents of which it has a good faith belief would be improper.

Accordingly, we find no error by the trial court in denying Plaintiffs' request for mandatory preliminary injunction. Plaintiffs have failed to make a prima facie showing that they will prevail on the merits. Moreover, Plaintiffs have failed to show that they do not have to show irreparable injury, nor have they shown irreparable injury. Therefore, we find this assignment of error lacks merit.

### ASSIGNMENT OF ERROR NUMBERS TWO AND THREE

In their second assignment of error, Plaintiffs contend that the trial court abused its discretion in refusing to either deny, or defer ruling on, IDB's and Infrastructure's Motion for Partial Summary Judgment until adequate discovery had been conducted. This assignment of error raises two issues, the first of which, failure to deny IDB's motion for partial summary judgment, is identical to Plaintiffs' third assignment of error, the trial court erred in granting IDB's motion for summary judgment. As such, we will address both under this heading.

Plaintiffs' argument regarding need to defer ruling on the motion due to inadequate discovery relying on a finding that Section 5.03 is ambiguous, and, therefore, parole evidence need be gathered and presented. We found in Assignment of Error Number One that Section 5.03 was not ambiguous.

It is well settled that when language in a contract is "clear, explicit, and lead to no absurd consequences, the meaning and intent of the parties must be sought within the four corners of the document and cannot be explained or contradicted by parol evidence." *Oupac, Inc. v. Sam*, 11-1495, p. 3 (La.App. 3 Cir. 4/4/12), 89 So.3d 402, 404 (quoting *Sandbom v. BASF Wyandotte Corp.*, 618 So.2d 1019, 1022 (La.App. 1 Cir.), *writ denied*, 625 So.2d 1042 (La.1993)), *writ denied*, 12-1018 (La. 6/22/12), 91 So.3d 975, *writ denied*, 625 So.2d 1042 (La.1993)).

As such, no further evidence as to the intent of the parties regarding the meaning of Section 5.03 is admissible. Thus, this argument is without merit.

6

Next, we turn to the trial court's grant of IDB's motion for summary judgment.

> Appellate courts review motions for summary judgment de novo, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880. The reviewing court, therefore, is tasked with determining whether "the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

*Duhon v. Petro "E," LLC*, 18-57, p. 2 (La.App. 3 Cir. 7/11/18), 251 So.3d 481, 484.

In this case, Plaintiffs filed for a mandatory injunction to compel IDB to execute the agricultural application, form 2703, for its submission to the Assessor, and fully cooperate with Plaintiffs' challenge or appeal of the 2018 assessment of the GBB/DBR property and a judgment declaring that IDB must do so under the terms of the lease between them. We found in Assignment of Error Number One that ad valorem property taxes are specifically excluded from Section 5.03. Therefore, IDB is under no obligation to fully cooperate with Plaintiffs' challenge or appeal of the 2018 assessment of the GBB/DBR property. As such, IDB is clearly entitled to a summary judgment dismissing the actions of Plaintiffs. Accordingly, we find no merit to Assignments of Error Numbers Two and Three.

### CONCLUSION

GBB Properties Two, LLC and DBR Properties, LLC raise three assignments of error. We determine that Section 5.03 of the lease between GBB Properties Two, LLC and DBR Properties, LLC and the Industrial Development Board of the Parish of Lafayette, Louisiana, Inc. is unambiguous and clearly does not mandate that the Industrial Development Board of the Parish of Lafayette, Louisiana, Inc. execute form 2703 requesting a Use Value assessment of the property in order to contest the Lafayette Parish Tax Assessor 2018 assessment of the property as commercial.

Accordingly, the judgment of the trial court is affirmed.  We assess GBB Properties

Two, LLC and DBR Properties, LLC with the costs of these proceedings.

**AFFIRMED.**

8